UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY AVIRAM,

    Plaintiff,

v.                                         Case No. 8:21-cv-432-TPB-CPT

THE BANK OF NEW YORK MELLON,
as Trustee for the Certificate holders
of CWMBS, Inc., CHL Mortgage Pass-
Through Trust 2006-TMI, Mortgage
Pass-Through Certificates, Series 2006-TM
f/k/a THE BANK OF NEW YORK,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTIONS TO STAY; and

## ORDER GRANTING DEFENDANT'S MOTION TO VACATE DEFAULT AND QUASH SERVICE

This matter is before the Court on several motions:

(1) "Plaintiff's Motion for Remand and Incorporated Memorandum of Law" (Doc. 3);

(2) "Plaintiff's Motion to Stay Adjudication of Any Service / Remand Issues Pending Deposition, Motion to Compel Defendant's Deposition, and Incorporated Memorandum of Law" (Doc. 15);

(3) "Plaintiff's Supplemental Motion to Stay Adjudication of Any Service / Remand Issues Pending Discovery from CT, Motion to Allow Subpoena *Duces Tecum* to CT, and Incorporated Memorandum of Law" (Doc. 18);

(4) "BONYM's Memorandum Incorporating and Re-Filing State Court Motion to Vacate Default Final Judgment, to Set Aside Clerk's Default, and to Quash Service" (Doc. 23).

The parties filed responses to each of the motions. (Docs. 19; 20; 24; 29). After reviewing the motions, responses, court file, and record, the Court finds as follows:

Plaintiff Jimmy Aviram moves to remand this action, arguing that Defendant The Bank of New York Mellon untimely removed this action. Defendant argues that it was not properly served, and it seeks to quash service of process and vacate the default judgment against it.

Several courts have recently addressed substantially similar or identical issues involving improper attempts to serve Defendant. *See, e.g., Centurion Sys., LLC v. Bank of N.Y. Mellon*, No. 8:21-cv-726-SDM-AAS, 2021 WL 1526272, at *1 (M.D. Fla. Apr. 19, 2021); *Kaye v. The Bank of N.Y. Mellon as Tr. For Certificate holders of CWALT, Inc., Alternative Loan Tr. 2007-OH3, Mortg. Pass-Through Certificates, Series 2007-OH3*, No. 8:21-cv-469-WFJ-TGW, 2021 WL 1390019, at *3 (M.D. Fla. Apr. 13, 2021); *Eaton v. The Bank of N.Y. Mellon*, No. 3:21cv251-MCR-EMT, 2021 WL 1345533, at *4 (N.D. Fla. Apr. 9, 2021); *Bonafide Properties, LLC v. Bank of N.Y. Mellon*, No. 5:21cv54-TKW-MJF, 2021 WL 1186332, at *2 (N.D. Fla. Mar. 29, 2021); *Gossamer Wing, LLC v. Bank of N.Y. Mellon as Tr. for Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2*, No. 21-80319-CIV-CANNON/Brannon, 2021 WL 857527, at *4 (S.D. Fla. Mar. 7, 2021). The Court sees no reason to depart from the analysis in these well-reasoned decisions. As a result, Plaintiff's motion to remand is denied, and Defendant's motions to quash service of process and to vacate the default judgment are granted. The return of service on The Bank of New York Mellon is quashed, and the default judgment entered by the state court is vacated. The motions to stay are denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Motion for Remand and Incorporated Memorandum of Law" (Doc. 3) is **DENIED**.

(2) "Plaintiff's Motion to Stay Adjudication of Any Service / Remand Issues Pending Deposition, Motion to Compel Defendant's Deposition, and Incorporated Memorandum of Law" (Doc. 15) is **DENIED**.

(3) "Plaintiff's Supplemental Motion to Stay Adjudication of Any Service / Remand Issues Pending Discovery from CT, Motion to Allow Subpoena Duces Tecum to CT, and Incorporated Memorandum of Law" (Doc. 18) is **DENIED**.

(4) "BONYM's Memorandum Incorporating and Re-Filing State Court Motion to Vacate Default Final Judgment, to Set Aside Clerk's Default, and to Quash Service" (Doc. 23) is **GRANTED**.

(5) The return of service on The Bank of New York Mellon is **QUASHED**.

(6) The Clerk is directed to **VACATE** the default judgment entered by the state court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of June, 2021.

 

TOM BARBER
UNITED STATES DISTRICT JUDGE