UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY AVIRAM,

    Plaintiff,

v.   Case No. 8:21-cv-432-JLB-CPT

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, as Trustee for
the Certificate holders of CWMBS, Inc.,
CHL Mortgage Pass-Through Trust 2006-
TM1, Mortgage Pass-Through Certificates,
Series 2006-TM1,

    Defendant.
_____/

## ORDER

More than one year has passed since Plaintiff Jimmy Aviram commenced this removed action against Defendant Bank of New York Mellon ("BoNYM"). Mr. Aviram has not timely served BoNYM as required by Federal Rule of Civil Procedure 4(m). Accordingly, BoNYM's motion to dismiss for failure to serve process under Federal Rule of Civil Procedure 12(b)(5) (Doc. 47) is **GRANTED**, and this action is **DISMISSED without prejudice**.

### BACKGROUND

Mr. Aviram commenced this action on July 30, 2020 in Florida state court. (Doc. 1-2 at 3.) He effected improper service on BoNYM's purported registered agent, CT Corporation System. (Id. at 22.) BoNYM did not appear, and Mr. Aviram obtained a clerk's default and default judgment. (Id. at 22–25, 39.) BoNYM eventually learned of the action, appeared, and, on October 23, 2020, moved to

vacate the clerk's default and judgment and quash the return of service. (Id. at 56, 58.) The action was removed to this Court on February 23, 2021. (Doc. 1.)

On June 30, 2021, Mr. Aviram's request to remand the action was denied, the clerk's default and judgment were vacated, and the return of service was quashed. (Docs. 3, 23, 46.) On September 29, 2021, BoNYM moved to dismiss the complaint for failure to timely serve as required by Federal Rule of Civil Procedure 4(m). (Doc. 47.) Although BoNYM asserts that Mr. Aviram opposes the motion, he has not filed a response, and the time to do so has expired. (Id. at 8); see Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). On October 18, 2021, Mr. Aviram filed a proposed summons dated for October 5, 2021, and this Court issued a summons the next day. (Docs. 49, 50.) To date, Mr. Aviram has not filed a return of service.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation and brackets omitted). Absent good cause, "the district court must still consider whether any

other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id. at 1282; see also Charles v. Bradshaw, 782 F. App'x 991, 992 (11th Cir. 2019).

## DISCUSSION

Dismissal of this case without prejudice is warranted. As noted, Mr. Aviram commenced this action more than one year ago. (Doc. 1-2 at 3.) More than ninety days have passed since the action was removed to this Court and Mr. Aviram's request for remand was denied. (Docs. 1, 46); see SDPS, Inc. v. GeoVera Advantage Ins. Co., Inc., No. 6:17-cv-952, 2017 WL 10058557, at *3 (M.D. Fla. July 24, 2017) ("In removed cases, Rule 4(m)'s 90-day time limit begins running on the date of removal."). Mr. Aviram's only return of service was quashed as improper. (Doc. 46.) Accordingly, he has not timely served BoNYM as required by Rule 4(m).

Additionally, Mr. Aviram has not shown good cause for the failure to timely serve BoNYM. First, he has neither sought an extension of time to effect service, nor responded to BoNYM's motion to dismiss. Second, Mr. Aviram is represented by counsel, and there is no indication that the failure to timely serve BoNYM is due to reliance on faulty advice, rather than inadvertence or negligence. See Reis v. Comm'r of Soc. Sec., 710 F. App'x 828, 829 (11th Cir. 2017) (finding counsel's "oversight" insufficient and that "a lawyer's negligence constitutes no 'good cause' for purposes of Rule 4"). And Mr. Aviram was notified of the defects in his prior

3

attempted service when the return of service was quashed.  See Reeves v. Wilbanks, 542 F. App'x 742, 747 (11th Cir. 2013) (affirming dismissal where plaintiff was aware that an individual "was refusing to accept service on behalf of the other defendants").  Indeed, the Court noted other decisions that quashed similarly defective returns of service and found "no reason to depart from the analysis in these well-reasoned decisions."  (Doc. 46 at 2); see, e.g., Centurion Sys., LLC v. Bank of New York Mellon, No. 8:21-cv-726-SDM-AAS, 2021 WL 1526272, at *1 (M.D. Fla. Apr. 19, 2021) (quashing return of service on BoNYM where service was effected on CT Corporation System).

Lastly, there are no other circumstances which "warrant an extension of time based on the facts of the case."  See Lepone-Dempsey, 476 F.3d at 1282.  There is no suggestion that BoNYM either evaded service or concealed a defect in attempted service.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132–33 (11th Cir. 2005).  Given the circumstances, even a potential statute of limitations issue would be insufficient to warrant an extension of time.  See Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 297 (N.D. Ga. 2008) (collecting cases).  And although Mr. Aviram filed a proposed summons and a summons was issued more than fifty days ago, he has yet to file a return of service.  (Docs. 49, 50.)  In sum, dismissal is warranted.

## CONCLUSION

Defendant BoNYM's motion to dismiss (Doc. 47) is **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to close the file.

**ORDERED** in Tampa, Florida, on December 15, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE